### 35558. BALDWIN *et al. v.* ANGLIN.

GARDNER, P. J. C. L. Anglin (whom we shall call the plaintiff), sued Charles and Louvenia Baldwin (whom we shall call the defendants). In 1953 the plaintiff worked on what is known as a half-cropper plan, involving a certain number of acres of corn. Proceedings were instituted by the plaintiff against the defendants, alleging substantially that the plaintiff planted and cultivated 63 acres of land; that he gathered approximately 1,000 bushels of corn; and that the value of the plaintiff's half was $674.38. The plaintiff alleged that he complied with his contract, and that the defendants refused to pay him for his half of the corn. The only material issue in the case is the question of evidence. The defendants contend that they did not owe the plaintiff anything; that they had a settlement with him and his wife in the kitchen of the home of the defendants, and that they had a receipt to that effect. The receipt introduced in evidence by the defendants was purported to be signed by C. L. Anglin and his wife, Callie Anglin. The purported receipt was attacked by the plaintiff and his wife as being a forgery. The testimony was that the name of the wife was not Callie Anglin, but was Rossie Lee Anglin, and that, furthermore, she, the wife, could neither read nor write, and that the receipt was a

forgery. The evidence for both parties, which went into detail regarding the entire transaction under the contract for the year 1953, was conflicting in practically every detail. The jury returned a verdict for the plaintiff for $405.75. The defendants filed a motion for new trial on the general grounds and added one special ground. The amended motion was denied, and the defendants assign error on the denial of their motion for new trial on all grounds.

Counsel for the defendants strenuously argue that the judgment should be reversed because, during the progress of the trial, counsel for the plaintiff on cross-examination, asked the defendant, Charles Baldwin, if he did not foreclose on a refrigerator which belonged to the plaintiff. The defendant stated that he did not. It is contended by counsel for the defendant that this was prejudicial error requiring a reversal. It is contended that the refrigerator was an entirely different transaction from the corn transaction. The evidence revealed that the defendants stated that the amount which had been advanced to the plaintiff during the term of the 1953 half-cropper contract was $60, which was paid out by the defendants on behalf of the plaintiff. The refrigerator proposition, according to the evidence, was not a different and distinct proposition, and it was not reversible error to admit this testimony along with all the other items which the defendants claimed to have advanced to and on behalf of the plaintiff. All other questions argued by counsel for both sides go to the questions of impeachment concerning the parties. These were all jury questions and go to the credibility of the witnesses. This was purely a matter for the jury to determine. We see no point in entering into any discussion concerning the law of impeachment of witnesses in this case.

The court did not err in denying the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

Decided April 8, 1955.

*H. Rhodes Jordan,* for plaintiffs in error.
*Joseph E. Cheeley, Jr.,* contra.